IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINA RUMOHR, individually, and on behalf of other members of the public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COMERCIA BANK, COMERICA INCORPORATED, and COMERICA MANAGEMENT COMPANY, INC.,<br><br>Defendants.<br>_____/<br>NANCY MATHEWS, individually, and on behalf of other members of the public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COMERCIA BANK, COMERICA INCORPORATED, and COMERICA MANAGEMENT COMPANY, INC.,<br><br>Defendants.<br>_____/ | No. C 11-01706 WHA<br><br>Related to:<br><br>No. C 11-01707 WHA<br><br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO TRANSFER AND DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTIONS TO REMAND** |

**INTRODUCTION**

In these related proposed wage-and-hour class actions, this order grants defendants' motions to transfer to the United States District Court for the Central District of California. The remand motions may be re-asserted in the transferee court.

**STATEMENT**

Plaintiffs Carolina Rumohr and Nancy Mathews are former employees of Comerica Bank who worked as Assistant Banking Center Managers. They allege that defendants Comerica Bank, Comerica Incorporated, and Comerica Management Company misclassified plaintiffs as "exempt" employees and failed to pay them for overtime, missed meal periods, or rest breaks. In both of these actions, plaintiffs are represented by the same counsel and make the same claims against the same defendants, and identical motions to remand and transfer are being brought in each. Plaintiffs' complaints seek the following: (1) unpaid minimum wages and overtime compensation, (2) penalties under California Labor Code Section 1197.1, (3) liquidated damages under California Labor Code Section 1194.2, and (4) restitution of unpaid wages and other allegedly withheld monies under California Business and Professions Code Section 17200.

These two actions are not only related to each other but are related to three other actions:

| District | Case Name | Case Number | Judge | Date Filed | Date Removed | County Removed From |
|---|---|---|---|---|---|---|
| C.D. Cal. | *Cordova* | 09-08905 | Morrow | Nov. 3, 2009 | Dec. 4, 2009 | Los Angeles |
| | Status: | Motion for summary judgment heard on June 13. | | | | |
| | *Gallegos* | 11-01938 | Morrow | Feb. 18, 2011 | Mar. 7, 2011 | Los Angeles |
| | Status: | Hearing on motion to remand set for July 25. | | | | |
| S.D. Cal. | *Granata* | 11-00716 | Houston | Feb. 18, 2011 | Apr. 7, 2011 | San Diego |
| | Status: | Hearing on motions to remand and transfer set for July 18. | | | | |
| N.D. Cal. | *Mathews* | 11-01707 | Alsup | Feb. 18, 2011 | Apr. 7, 2011 | Santa Clara |
| | *Rumohr* | 11-01706 | Alsup | Feb. 22, 2011 | Apr. 7, 2011 | San Francisco |

The Aiwazian Law Firm is plaintiffs' counsel in all five actions. The Initiative Legal Group and Righetti Glugoski PC are co-counsel in all but *Granata*.

The initial action in this series was *Cordova*, which was a proposed class action on behalf of all current and former Assistant Banking Center Managers at Comerica Banks throughout California. The four other actions were filed after the *Cordova* plaintiffs withdrew their motion for class certification on January 25, 2011. The *Cordova* defendants, the same defendants as in the instant actions, timely opposed the *Cordova* plaintiffs' motion for class certification before it

2

was withdrawn. Defendants argue that the motion for class certification was withdrawn and the *Rumohr*, *Mathews*, *Gallegos*, and *Granata* actions were filed in an attempt to avoid federal subject-matter jurisdiction under the Class Action Fairness Act. The *Rumohr*, *Mathews*, *Gallegos*, and *Granata* actions collectively bring the same claims on behalf of the same proposed class members as in *Cordova*, except that each is one of four smaller groups of the whole based on different Comerica geographic "districts" in California.

As can be seen from the above chart, *Cordova* has been pending for nearly twenty months, and has been assigned to Judge Margaret M. Morrow in the Central District for almost as long.

**ANALYSIS**

As an initial matter, this order notes that it need not decide the pending motions to remand before it decides the motions to transfer. Although a court may not rule on the merits of an action without first deciding jurisdictional issues, the outcome of a motion to transfer is not a ruling on the merits — it is a ruling on the appropriate forum in which an action should proceed to a ruling on the merits. Courts may consider a motion to transfer before a motion to remand for lack of subject-matter jurisdiction is resolved. *In Re LimitNone, LLC*, 551 F.3d 572, 576 (7th Cir. 2008); *see also Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (proper to decide motion to dismiss for *forum non conveniens* before evaluating subject-matter jurisdiction).

Pursuant to 28 U.S.C. 1404(a), defendants move this court to transfer both of our actions (*Rumohr* and *Mathews*) to the Central District of California "[f]or the convenience of parties and witnesses [and] in the interest of justice." The purpose of Section 1404(a) "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citation and quotation marks omitted).

Plaintiffs concede that the actions could have been brought in the Central District (Opp. 4). This order finds that either district is convenient to the parties and witnesses.

On the other hand, this order finds that transfer is plainly in the interest of justice to avoid duplicative efforts by the judicial system and the parties. The instant actions are intimately

3

related to the *Cordova* and *Gallegos* actions currently pending in front of Judge Morrow in the Central District of California. *Cordova* has been pending there for over a year and a half, with a summary judgment motion just having been argued and trial set for August 30 of this year. Extensive discovery has taken place in that action. Common issues of law and fact are present across these actions. Allowing *Rumohr* and *Mathews* to remain here would involve substantial duplication of judicial and party resources, and it is therefore in the interest of justice to transfer the instant actions to the Central District.

Plaintiffs argue that the existence of related actions does not *require* a transfer. True, but irrelevant. The purpose of Section 1404(a) would clearly be achieved by transfer. And despite plaintiffs' objections that the actions are not sufficiently related because of the different named plaintiffs, they involve common issues of law and fact to those pending before Judge Morrow.

For the foregoing reasons, defendants' motions to transfer the *Rumohr* and *Mathews* actions to the Central District of California are **GRANTED**.

\*        \*        \*

Because this order finds transfer appropriate, it will not reach plaintiffs' motions to remand, which motions are **DENIED** without prejudice to re-filing in the transferee court.

## CONCLUSION

For the foregoing reasons, defendants' motions to transfer are **GRANTED** and plaintiffs' motions to remand are **DENIED WITHOUT PREJUDICE**. The Clerk shall transfer the above-captioned actions to the United States District Court for the Central District of California.

**IT IS SO ORDERED.**

Dated: June 17, 2011.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

4